UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JULIAN CASTRO PORTOCARRERO, | ) ) ) | |
| Petitioner, | ) ) | Civil No. 12-10198-FDS |
| v. | ) ) | |
| JEFF GRONDOLSKY, | ) ) | |
| Respondent. | ) ) | |

## ORDER

**SAYLOR, J.**

Julian Castro Portocarrero has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition has not been served pending the Court's review of the petition. *See* 28 U.S.C. § 2243 (if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to order the respondent "to show cause why the writ [of habeas corpus] should not be granted").[1] For the reasons stated below, the petition will be denied.

## I.  Background

Petitioner was convicted in 2003 under 46 U.S.C. App. § 1903(a), (g), and (j) and 21 U.S.C. § 960(b)(1)(B)(ii) for possessing, and conspiring to possess, while onboard a vessel subject to the jurisdiction of the United States, five kilograms or more of cocaine with the intent to distribute it. He received a sentence of 235 months' imprisonment. *See United States v.*

---

[1] Adjudication of the petition was also stayed pending resolution of the filing fee. The $5.00 filing fee was received on November 27, 2012.

*Portocorrero*, Crim. No. 03-00030 (M.D. Fla.).

Petitioner's direct appeal was unsuccessful. *See United States v. Valencia*, 169 Fed. Appx. 565 (11th Cir. 2006), *cert. denied sub nom. Portocarrero v. United States*, 549 U.S. 952 (2006). On appeal, petitioner argued that (1) § 1903 violates the Sixth Amendment because it does not require that the statute's penalty provisions be alleged in the indictment or determined by a jury; (2) § 1903 violates the Sixth Amendment because it does not permit a jury to determine whether a vessel is subject to the jurisdiction of the United States; (3) the district court erred in denying motions to suppress; (4) the evidence was insufficient to find the petitioner guilty of the charged offenses; (5) a government witness improperly commented on the defendant's pre-*Miranda* warning silence; (6) the district court erred in finding under the Sentencing Guidelines that he did not have a minor role in the charged offenses; and (7) the sentence was unconstitutional because it was based upon a finding of a drug quantity by the district court rather than by a jury. *See Valencia*, 169 Fed. Appx. 565.

In the present petition, he essentially reiterates the arguments that were rejected on direct appeal by the Eleventh Circuit. He also asserts that the vessel on which he was found was not subject to the jurisdiction of the United States and that he was denied his rights under the Vienna Convention to consult with the Colombian embassy.[2]

**II.    Analysis**

Under 28 U.S.C. § 2255, a federal prisoner who contends that his "sentence was imposed in violation of the Constitution or laws of the United States" may "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A

---

[2] Portocarrero represents that he is a Colombian national.

federal prisoner cannot challenge the legality of his sentence through an application for a writ of habeas corpus unless it appears that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also United States v. Barrett*, 178 F.3d 34, 38 (1st Cir. 1999) (explaining that a federal prisoner cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241, or the All Writs Act, 28 U.S.C. § 1651).

Petitioner here contends that he may invoke § 2241 because he has presented extraordinary circumstances and because relief is necessary to "avoid any Factual And Manifest Miscarriage Of Justice." Pet. at 11 (as in original). He also contends that § 2255 is inadequate and ineffective to challenge his conviction because the district court presiding over his criminal proceedings and the Eleventh Circuit committed a "fraud." More specifically, he asserts that court officers in those proceedings "denied Petitioner His right to protection by His own 'consulate'–General Counsel For His Country of origin and have conspire to conceal *all* documents explained the true facts over the situation where He and other were arrested." *Id.* at 8 (as in original). Petitioner also states that a motion under § 2255 would be time-barred.

The Court cannot ascertain any reason why a properly filed petition under § 2255 would be ineffective or inadequate to challenge petitioner's convictions or sentence. The fact that a litigant procedurally defaults on a § 2255 motion does not mean that such a motion is an inadequate or ineffective vehicle to challenge the legality of the litigant's detention. *See Barrett*, 178 F.3d at 53. Accordingly, relief under § 2241 is not available.[3]

---

[3] Furthermore, and in any event, most of the arguments raised in the petition were already rejected in Portocarrero's direct appeal and normally cannot be relitigated in a habeas petition. *See Elwell v. United States*, 1996 WL 516138, at *4 (1st Cir. Sept. 9, 1996) (unpublished) (noting that a petitioner is "not entitled to collateral review to relitigate issues raised on direct appeal, absent an intervening change in law" (citing *Davis v. United States*, 417 U.S. 333, 342 (1974))); *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994). Further, any rights that Portocarrero had under the Vienna Convention are not judicially enforceable. *See United States v. Li*, 206 F.3d

**III.     Conclusion**

For the reasons stated below, the petition is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  January 2, 2013

---

56, 66 (1st Cir. 2000) (noting evidence of "a belief among Vienna Convention signatory nations that the treaty's dictates simply are not enforceable in a host nation's criminal courts," and holding that suppression of evidence is not a remedy available for violation of Article 36 of the Vienna Convention); *United States Ademaj*, 170 F.3d 58, 67 (1st Cir. 1999) ("[T]he Vienna Convention itself prescribes no judicial remedy or other recourse for its violation, let alone vacatur of a conviction."); *Anziani v. United States*, 2007 WL 1959212, at *3 (D. Mass. July 5, 2007) (denying § 2255 motion where litigant argued that he had been denied access to consulate; "In any event, in the view of most courts, the Vienna Convention confers no private right of enforcement on foreign nationals.").